```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

IN THE MATTER OF THE COMPLAINT          CIVIL ACTION
OF TUG ROBERT J. BOUCHARD, INC.,
AS OWNER, AND BOUCHARD COASTWISE        NO. 05-1420
MANAGEMENT CORP., AS OWNER PRO
HAC VICE, OF THE TUG ROBERT J.          SECTION "R" (5)
BOUCHARD

## ORDER AND REASONS

Before the Court is the limitation petitioners' appeal of the magistrate judge's ruling denying petitioners' motion to add Bouchard Transportation Co., Inc. as an additional limitation petitioner. For the following reasons, the Court AFFIRMS the ruling of the magistrate judge.

## I. BACKGROUND

On February 27, 2005, claimant Kelsey Cooper, the chief engineer of the tug ROBERT J. BOUCHARD, was badly burned when an explosion occurred aboard the ship approximately eight or nine miles off the coast of New Jersey. On March 11, 2005, Cooper and his wife, Grace Yvonne, filed claims against Bouchard Transportation Co. in Civil District Court for the Parish of Orleans under the Jones Act and general maritime law. On April

14, 2005, Tug Robert J. Bouchard Inc. and Bouchard Coastwise Management timely filed a complaint in the Eastern District of Louisiana seeking limitation of liability under the Limitation of Liability Act, 46 U.S.C. § 181, *et seq*.  In its complaint, petitioners sought to enjoin all pending or future lawsuits against it or related companies, except within this proceeding. (R. Doc. 1, at 7).  With the complaint, petitioners submitted an *ex parte* order issuing the requested injunction.

The Court issued petitioners' *ex parte* order staying "the filing, commencement, and/or further prosecution of any and all actions, suits or proceedings of any nature or description already commenced or which may hereafter be commenced in any jurisdiction, except in this proceeding, against Bouchard, its related or subsidiary companies, the TUG ROBERT J. BOUCHARD, their insurers and/or any other property of Bouchard with respect to any claim for which Petitioners seek exoneration from or limitation of liability" arising out of the incident in which Cooper was injured.  (R. Doc. 3, at 3).  In June 2006, the claimants sought to reactivate their suit against BTC in state court.  On September 13, 2006, petitioners, Tug Robert J. Bouchard and BCM, simultaneously moved to enjoin any further proceedings in the state court action, pending a determination of whether the Limitation Act permits BTC to limit its liability to

the value of the vessel, and moved to amend their limitation complaint such that they could add BTC as a limitation petitioner.  This Court denied petitioners' motion to enjoin the state court proceedings against BTC on November 1, 2006.  Magistrate Judge Alma Chasez denied petitioner's motion to amend complaint on November 2, 2006.  Petitioners now appeal the magistrate judge's decision.

## II. DISCUSSION

### A. Prescription

As the Fifth Circuit has stated, "The Limitation of Shipowners' Liability Act provides that a shipowner's liability for any damage arising from a disaster at sea occasioned without the privity or knowledge of the shipowner shall be limited to the value of the vessel and its freight." *Zapata Haynie Corp. v. Arthur*, 926 F.2d 484, 485 (5th Cir. 1991) (citing 46 U.S.C. § 183).  Plaintiffs in limitation bear the burden of proving that the Limitation Act applies to the particular entity against whom the plaintiffs seek to enjoin actions.  *See Coryell v. Phipps*, 317 U.S. 406, 409 (1943).  When, as here, the shipowner "files a petition for exoneration from or limitation of liability and tenders an adequate bond, 'all claims and proceedings against the owner with respect to the matter in question shall cease.'"  *Id.*

(citing 46 U.S.C. § 185).

Admiralty Rule F governs the procedure for limitation proceedings in federal court. The Rule states that "[n]ot later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court, as provided in subdivision (9) of this rule, for limitation of liability pursuant to statute." FED R. CIV. P. F(7). The six-month prescriptive period was added to 46 U.S.C. § 185 by Congress in 1936. If a petition is not filed within the six month period, the Court must dismiss it as untimely.[1] *Exxon*

---

[1] The Fifth Circuit has noted that a shipowner may choose to set up a defense of limitation of liability in one of two ways. First, the shipowner may file a § 185 petition in a federal district court within the six-month time period. *Vatican Shrimp Company, Inc., v. Solis*, 820 F.2d 674, 678 (5th Cir. 1987); *see also Karim v. Finch Shipping Company, LTD.*, 265 F.3d 258, 263 (5th Cir. 2001). Second, the shipowner may establish the defense by pleading the substantive provisions of § 183 in a properly filed answer in any court. While § 183 does not itself contain a six-month prescription period, the Fifth Circuit has noted that "to ensure access to limitation of liability, shipowners must... file § 185 petitions in federal court to account for the possibility that the petitions may be contested." *Karim*, 265 F.3d at 266 n.10. This is because defensive pleading in the state court answer does not provide the federal court with jurisdiction to hear the shipowner's limitation claim. *Vatican Shrimp Company*, 820 F.2d at 677. Therefore, "a shipowner cannot always rely upon raising limitation in a state court answer because, once the limitation is contested, it falls within the exclusive jurisdiction of a federal admiralty court. As such, if a shipowner has not filed its § 185 petition within the six-month time frame, it forfeits that defense." *Karim*, 265 F.3d at 266 n.10.

*Shipping Co. v. Cailleteau*, 869 F.2d 843, 846 (5th Cir. 1989).

The prescriptive period requires the shipowner to act promptly to gain the benefit of the right to limit liability, *id.*, and the rule prevents the shipowner from waiting to file until later stages of the state court litigation. *In re The Specialty Marine Services, Inc.*, 1999 WL 147680, *1 (E.D. La. 1999). BTC failed to file a complaint in federal court for limitation of liability within the six-month prescriptive period set forth in § 185. Thus, BTC's claim for limitation has prescribed.

    **B. Relation Back**

Whether to grant a Rule 15(a) motion to amend a complaint is committed to the sound discretion of the district court. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Nevertheless, the motion should not be denied unless there is a substantial reason to do so. *Id.* Adequate grounds for the denial of a Rule 15(a) motion to amend include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.*; *Ynclan v. Department of the Air Force*, 943 F.2d 1388, 1391 (5th Cir. 1991). "Futility of amendment" includes situations in which a complaint is amended to raise claims that have

prescribed. *Jacobsen*, 133 F.3d at 318. Therefore, the proposed amendment is futile unless, under Rule 15(c), it relates back to the date of original filing.

Rule 15(c), as amended in 1991 and 1993, provides for relation back of amendments under the following circumstances:

> An amendment of a pleading relates back to the date of original pleading when
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. PRO. 15(c). In a limitation proceeding, the petitioner shipowner asserts a claim that is defensive in nature. Nevertheless, when one petitioner seeks to amend its complaint to join another petitioner, the situation is most akin to an amendment adding a plaintiff.

Although Rule 15(c) does not address the relation back of amendments that propose to add or substitute plaintiffs, the

Fifth Circuit has looked to Rule 15(c) when faced with such situations. *Summit Office Park v. United States Steel Corporation*, 639 F.2d 1278, 1282 (5th Cir. 1981); *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968). Indeed the Advisory Committee Note to Rule 15(c) states that "the attitude taken in [the rule] toward change of defendants extends by analogy to amendments changing plaintiffs." FED. R. CIV. PRO. 15(c), Advisory Committee Note; *but see Newell v. Harrison*, 779 F.Supp. 388, 391 (E.D. La. 1991).

An amendment that seeks to add a new plaintiff has been found to relate back (1) when it substitutes the real party in interest, *Allied International, Inc., v. International Longshoremen's Association*, 814 F.2d 32, 36 (1st Cir. 1987), (2) when the new plaintiff shares an identity of interest with the original plaintiff so as to put the defendant on notice that the new plaintiff was always involved with the litigation, *Besig v. Dolphin Boating and Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982), (3) when the claims of the new plaintiff are identical to those of an original plaintiff and the defendant was on notice of the claim, *Andujar v. Rogowski*, 113 F.R.D. 151, 158 (S.D. N.Y. 1986), and (4) when the original plaintiff asserts a claim in a different capacity if the defendant was already on notice of the

claim, *Williams*, 405 F.2d at 238-39.[2]  Conversely, an amendment that seeks to add a new plaintiff asserting a different claim will not relate back.  *Summit Office Park*, 639 F.2d at 1282; *Leachman v. Beech Aircraft Corp.*, 694 F.2d 1301 (D.C. Cir. 1982); *Sanderson v. H.I.G. Capital Management, Inc.*, 2001 WL 96384, *4 (E.D. La. 2001); WRIGHT & MILLER, *Federal Practice and Procedure: Civil* § 1501.[3]  The Fifth Circuit has noted that "notice is the critical element involved in Rule 15(c) determinations." *Williams*, 405 F.2d at 236.

Here, the amended complaint does not relate back because it seeks to add a new petitioner who, by the petitioners' own representations, is not the real party in interest and does not share an identity of interest such that the claimants' were on notice that BTC was always involved with this limitation action. As this Court stated in its November 6, 2006 Order and Reasons

---

[2] In *Olech*, the court articulated a four-factor inquiry to determine whether the Rule 15(c) requirements of fair notice and lack of prejudice have been met.  "These factors include whether or not (1) the new plaintiff's claim arose out of the same conduct, transaction or occurrence set forth in the original complaint; (2) the new plaintiff shares an identity of interest with the original plaintiff; (3) the defendants have fair notice of the new plaintiff's claim; and (4) the addition of the new plaintiff causes the defendants prejudice."  *Olech v. The Village of Willowbrook*, 138 F.Supp. 1036, 1044 (N.D. Ill. 2000)(internal citations omitted).

[3] *See also Atlantis Plastics Corporation v. Sammons*, 558 A.2d 1062, 1065 (Del. Ch. 1989).

denying petitioners' motion to enforce the limitation injunction as to state court suits against BTC, it is undisputed that BTC was not one of the complainants that sought the *ex parte* order signed by this Court.  Tug Robert J. Bouchard and BCM were the two parties seeking limitation of liability as the owner and owner *pro hac vice* respectively of the vessel.  Petitioners previously represented and, to this day, continue to insist to the Court that BTC is not the owner and/or operator of the vessel.  In their April 2005 limitation complaint, the petitioners stated:

> In the aforementioned Civil District Court for the Parish of Orleans, State of Louisiana proceeding, Kelsey Lane Cooper Jr. and Grace Yvonne Coooper *erroneously allege* that Bouchard Transportation Co., Inc., is the owner and/or operator of the TUG ROBERT J. BOUCHARD.  Kelsey Lane Cooper Jr. and Grace Yvonne Cooper further obtained an invalid Writ of Attachment of the TUG ROBERT J. BOUCHARD based on their erroneous representation to the Civil District Court for the Parish of Orleans, State of Louisiana that Bouchard Transportation Co., Inc. owned and/or operated the TUG ROBERT J. BOUCHARD.

R. Doc. 1, at ¶ XI (emphasis added).  Thus, after being put on notice that the claimants had already alleged in their state court pleading that BTC was the owner and/or operator of the vessel, *see* R. Doc. 66-3, the petitioners nonetheless came to federal court averring that BTC was not the owner and/or operator of the vessel, and as a result did not seek to include BTC as a party to the limitation complaint.  Clearly the Bouchard

interests should know who owns and operates their own vessels. The petitioners easily could have named BTC in their complaint for limitation of liability if there was an arguable basis for finding that BTC could be the owner and/or operator of the vessel.  With full knowledge of the pending state court action, petitioners nevertheless calculatedly decided that they wanted to take the position that BTC was not one of the parties eligible for protection by the Limitation Act.

Petitioners therefore cannot seriously contend that BTC shares an identity of interest such that when BCM and Tug Robert J. Bouchard petitioned for limitation, the claimants should have been on notice that BTC was also seeking limitation of liability. Petitioners do not assert that they made a mistake here as to the identity of the proper limitation parties.  The claimants thus could not have expected that, eighteen months later, BTC would attempt to become part of this limitation action, given petitioners' representations that BTC is not the owner and/or operator of the vessel, and that BTC, BCM, and Tug Robert J. Bouchard, Inc. are separate companies.  (R. Doc. 66-2, at 3).  In fact, petitioners' limitation complaint expressly put claimants on notice that BTC could *not* be a party to this action. Furthermore, as the Court held in *In re Mike's, Inc.*, that a claimant has previously brought a state court action against the

10

party seeking to be added to the limitation complaint does not mean that the claimant had notice that the party seeking to be added has a limitation defense.  2002 WL 1767425, *3 (E.D. La. July 30, 2002).

Finally, petitioners' argument that BTC should be added to the limitation complaint because it would not assert new claims or defenses is misplaced.  A vessel owner (or bareboat charterer) which seeks limitation must show that it lacked privity or knowledge of the negligence.  *Kristie Leigh Enterprises, Inc., v. American Commercial Lines, Inc.*, 72 F.3d 479, 481 (5th Cir. 1996).  The Fifth Circuit has explained that "privity or knowledge, which is sometimes described as 'complicity in the fault,' extends beyond actual knowledge to knowledge that the ship owner would have obtained by reasonable investigation." *Cupit v. McClanahan Contractors, Inc.*, 1 F.3d 346, 348 (5th Cir. 1993).  As noted above, petitioners state that BTC, BCM, and Tug Robert J. Bouchard, Inc. are separate companies.  Thus, whether each of these entities lacked privity or knowledge is a distinct inquiry.  Defending against BTC's claim, as opposed to the claims by either Tug Robert J. Bouchard or BCM, will require its own discovery and different witnesses.  Claimants have already conducted extensive discovery in this action in the eighteen months since petitioners first filed their limitation complaint.

The amended complaint therefore does not relate back to the original complaint.  The Court finds that the magistrate judge's denial of permission to file the amended complaint was proper because the amendment would be futile.

**IV.   CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the magistrate judge's ruling denying petitioners' motion to add Bouchard Transportation Co., Inc. as an additional limitation petitioner.

New Orleans, Louisiana, this __11th__ day of December, 2006.

SARAH S. VANCE
UNITED STATES DISTRICT COURT