```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

IN THE MATTER OF THE COMPLAINT                CIVIL ACTION
OF TUG ROBERT J. BOUCHARD, INC.,
AS OWNER, AND BOUCHARD COASTWISE              NO. 05-1420
MANAGEMENT CORP., AS OWNER PRO
HAC VICE, OF THE TUG ROBERT J.                SECTION "R"(5)
BOUCHARD

## ORDER AND REASONS

Before the Court is the motion to voluntarily dismiss, without prejudice, of limitation petitioners Tug Robert J. Bouchard, Inc. and Bouchard Coastwise Management Corporation. (R. Doc. 333.)  Marine Systems, Inc. ("MSI") and third-party defendants Western Reman, Inc., Remy International, Inc., and Remy, Inc. (collectively, "WRI") oppose the motion.  For the following reasons, the Court GRANTS the motion to dismiss.

### I.   BACKGROUND

On February 27, 2005, claimant Kelsey Cooper, the chief engineer of the Tug Robert J. Bouchard, was badly burned when an explosion occurred aboard the ship approximately eight or nine miles off the coast of New Jersey.  On March 11, 2005, Cooper sued Bouchard Transportation Company ("BTC") in Orleans Parish

under the Jones Act and general maritime law.  Cooper later filed an amended petition in the state court lawsuit naming MSI and WRI as defendants.[1]

On April 14, 2005, petitioners Tug Robert J. Bouchard, Inc. and Bouchard Coastwise Management ("BCM") timely filed a complaint in the Eastern District of Louisiana seeking limitation of liability under the Limitation of Liability Act, 46 U.S.C. § 181, *et seq*. and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. (R. Doc. 1.)  In their complaint, petitioners sought to enjoin all pending or future lawsuits against them or related Bouchard companies, except within the limitation proceeding. (*Id*. at 7).  With the complaint petitioners submitted an *ex parte* order issuing the requested injunction.  The Court issued petitioners' *ex parte* order staying "the filing, commencement, and/or further prosecution of any and all actions ... against Bouchard, its related or subsidiary companies, the Tug Robert J. Bouchard ... with respect to any claim for which Petitioners seek exoneration from or limitation of liability" arising out of the incident in which Cooper was injured. (R. Doc. 3 at 3.)

---

[1] Cooper had separately sued General Motors Corporation and Electro-Motive Diesel, Inc. ("GM/EMD"), as well as MSI, but has since voluntarily dismissed that action.

Cooper, General Motors Corporation and Electro-Motive Diesel, Inc. ("GM/EMD"), and MSI filed claims in the limitation proceeding. (*See, e.g,* R. Doc. 21.)  Cooper sought affirmative relief for his personal injuries, and the remaining claimants sought indemnity/contribution and attorneys' fees.  Petitioners filed a counterclaim against GM/EMD and MSI and a third-party demand against WRI. (R. Docs. 22, 42.)  On January 25, 2008, the court granted GM/EMD's motion for summary judgment and dismissed petitioners' claims against them. (R. Doc. 318.)

In June of 2006, the claimants sought to reactivate their suit against BTC in state court.  Petitioners, Tug Robert J. Bouchard and BCM, moved the Court to enjoin any further proceedings in the state court action.  On November 6, 2006, the Court denied petitioners' motion to enforce the limitation injunction in this matter as to suits against BTC. (R. Doc. 90.)

In addition to Cooper's state court lawsuit, there are four other state court lawsuits related to the explosion aboard the Tug Robert J. Bouchard. (*See* MSI Opp'n, R. Doc. 334 at 3).  On February 27, 2008, Tug Robert J. Bouchard, BCM and Interested Hull Underwriters sued MSI and WRI in Civil District Court for the Parish of Orleans. (*See* R. Doc. 1, Civ. A. 08-1210.)  On November 26, 2007, BTC sued MSI and GM/EMD in Civil District Court for the Parish of Orleans, and on January 3, 2008, amended

the petition to allege claims against WRI as well. (*See* R. Doc. 1, Civ. A. 08-1211.)  Because MSI is a citizen of the state of Louisiana, WRI improperly removed these two actions to federal court, and the Court therefore remanded them. (*See* R. Doc. 349.) In February of this year, Cooper also sued MSI and WRI in two additional state court actions. (MSI Opp'n, R. Doc. 334 at 3-4.)

On April 4, 2008, Tug Robert J. Bouchard, Inc. and BCM filed this motion to dismiss the limitation action without prejudice. Petitioners have reached a settlement with Kelsey Cooper, and therefore no longer seek to pursue a limitation proceeding. Petitioners assert they will pursue their claims against MSI and WRI in state court.

MSI and WRI oppose the motion to dismiss.  They contend that the considerable length of time this matter has been pending in federal court, about three years, the extensive discovery that has been conducted by the parties to date, and the money spent defending in this suit weigh in favor of denying the petitioners' claim.  They further claim that petitioners are engaged in forum shopping.  This case is set for trial in February of 2009. (*See* R. Doc. 336.)

**II.   ANALYSIS**

A decision as to whether to grant a dismissal under Federal

4

Rule of Civil Procedure 41(a) lies within the sound discretion of the district court. *Davis v. Huskipower Outdoor Equipment*, 936 F.2d 193, 199 (5th Cir. 1991). However, district court review is limited to simply ensuring that the non-movants do not suffer "clear legal prejudice." *Phillips v. Illinois Central Gulf R.R.*, 874 F.2d 984, 986 (5th Cir. 1989). The gain of a tactical advantage for the movants or the prospect of a second lawsuit do not constitute plain legal prejudice. *See id.; Ikospentakis v. Thalassic Steamship Agency*, 915 F.2d 176, 177-78 (5th Cir. 1990).

The Court finds that MSI and WRI will not suffer legal prejudice, and therefore grants petitioners' motion to dismiss without prejudice. The Court recognizes that this case has been pending for three years in federal court, and an important factor in assessing prejudice is the stage at which the motion to dismiss is made. *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Nevertheless, the Court does not fault petitioners with delay in seeking to dismiss the limitation action. Any delay in moving to dismiss can be attributed to the time it took to reach a settlement. Further, petitioners seek to dismiss the limitation action because they have settled their claims with Cooper, not to avoid an impending dispositive motion judgment, or for some other improper purpose. *Cf. Lecompte v. Freeport-McMoran*, 1995 WL

5

115815 (E.D. La. 1995) (denying motion for voluntary dismissal and noting that "plaintiff clearly filed his voluntary motion to dismiss in response to defendant's motion for summary judgment"). Here, there are no pending dispositive motions that petitioners seek to avoid through dismissal.

Further, the parties have conducted extensive discovery in the limitation proceeding that they have agreed can be used in the state court actions.  There are between three and five pending state court cases in which MSI and WRI can use the discovery conducted in this litigation; thus, there has been no wasted or unduly burdensome discovery. *See also Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990) (finding that defendant's trial preparation would not be wasted by dismissal because plaintiffs stipulated that they would not oppose the use of existing discovery in pending state-court action).  Further, MSI and WRI's contention that they cannot use the same discovery because they have been preparing for a bench trial in federal court is insufficient to show legal prejudice. *See id.* ("Nor is it sufficient to show legal prejudice to establish that [defendant] may lose some perceived tactical advantage by trying the case to a jury rather than to the court.").

The Court also finds without merit MSI and WRI's contention that petitioners are engaged in "blatant forum shopping."

Complaints for limitation of liability must be filed in the federal district court in admiralty jurisdiction in which the vessel has been attached or arrested. *See* Fed. R. Civ. P. Supp. Rule F.  Petitioners had no other forum, other than federal court, in which to file their limitation of liability action. Petitioners no longer need a limitation of liability proceeding in federal district court because they have settled with Kelsey Cooper, the injured party, and therefore have determined the amount of the claim.  Additionally, allegations of forum shopping are insufficient to constitute legal prejudice. *See Brown v. Schlumberger Technology Corp.*, 2002 WL 550986 (E.D. La. 2002).

    Although MSI and WRI contend that it will be a waste of judicial resources to dismiss this case without prejudice, the pending state court cases belie this assertion.  All of the parties are currently involved in litigation in state court. There is no reason to proceed with an additional case in federal court.  MSI and WRI will not be deprived of any rights by litigating this case in state court, rather than federal court. *Cf. Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506 (5th Cir. 2007) (holding that defendants established legal prejudice from the dismissal of action without prejudice because dismissal would potentially strip defendants of viable defense based on Texas statue of repose).  Further, petitioners indicate an intention to

have the state court actions consolidated in one court.  Even if the state court cases are not eventually consolidated in the same judicial district, there is no possibility of consolidating all the actions in federal court for one trial.  Therefore, judicial economy favors dismissal of the limitation proceeding.  Finally, the prospect that MSI and WRI might face an additional lawsuit does not constitute plain legal prejudice. *See Ikospentakis*, 915 F.2d at 177-78.

**III. CONCLUSION**

The Court GRANTS petitioners' motion to dismiss.  Pursuant to Federal Rule of Civil Procedure 41, the Limitation of Liability Petition, and all claims therein, are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 30th day of June, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE